968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Anthony BLAKE, Defendant-Appellant.
 No. 92-5036.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 24, 1992
Decided: July 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. J. Calvitt Clarke, Jr., Senior District Judge. (CR-91-65-NN)
 H. Kowalchick, Norfolk, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, SPROUSE, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Anthony Blake pled guilty to conspiring to violate federal firearms laws (18 U.S.C. § 371 & 2 (1988)) and was sentenced to fourteen months imprisonment. He has appealed his sentence on the ground that the district court erred in not reducing his offense level for acceptance of responsibility pursuant to guideline section* 3E1.1. We affirm.
 
 
 2
 The government's evidence was that Blake and Tyrone Harris came to Virginia to buy guns which they later sold in New York. They induced Veronica Montgomery to make two purchases of guns at a pawn shop, representing that the guns were for herself. Montgomery said that, on the first occasion, Blake supplied her with money, came into the shop with her, picked out six guns, and carried the guns out after she bought them. Her story was corroborated by the pawn shop clerk. On the second occasion, Harris accompanied Montgomery and she bought two guns with money he gave her.
 
 
 3
 Although Blake entered a guilty plea, in his interview with the probation officer and the case agent he admitted only that he was in the pawn shop on the first occasion when the guns were bought and helped transport them to New York for sale. He said all the guns were bought for Harris and professed that he had no part in the purchases and was not even sure there were guns in the car on the return to New York until he got to Delaware.
 
 
 4
 A defendant seeking a reduction in offense level for acceptance of responsibility has the burden of showing by a preponderance of the evidence that he is entitled to the adjustment. A guilty plea alone is insufficient. United States v. Harris, 882 F.2d 902 (4th Cir. 1989). The defendant must affirmatively acknowledge all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). The district court's factual finding that Blake failed to do this is not clearly erroneous. We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1990). The guidelines in effect at the time of the offense were used because the 1991 amendment raised the base offense level for the object offense